99609

Daniel T. Laschober
LVC_complaint@outlook.com
31213 SW Willamette Way W
Wilsonville, Oregon 97070-8581
(503) 710-5695

Plaintiff, appearing Pro Se

RECVD 12 SEP '22 16:07 USDC-ORP

FILED 12 SEP '22 16:07 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DANIEL T. LASCHOBER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DR. MIGUEL A. CARDONA,<br>U.S. Secretary of Education,<br>in his official capacity;<br><br>DEPARTMENT OF EDUCATION;<br><br>The UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | Case No.: 3:22-CV-1373-IM<br><br>COMPLAINT FOR<br>TEMPORARY RESTRAINING<br>ORDER AND PRELIMINARY<br>INJUNCTION |

Complaint                                1

# 99609

## I.   JURISDICTION

1. The District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Defendants claim the Higher Education Relief Opportunities for Students ("HEROES") Act of 2003, 20 U.S.C. §§ 1098aa–1098ee, enables the Secretary of Education to discharge or forgive principal balances of student loans on a blanket or mass basis.

3. The Court is authorized to award injunctive relief under 5 U.S.C. § 706, 28 U.S.C. § 1361, the Constitution, and the Court's equitable powers.

## II.   VENUE

4. The Oregon District Court is the proper venue pursuant to 28 U.S.C. § 1391(e)(1) because defendant Cardona is an officer of the United States and defendant Department of Education is an agency of the United States.

## III.   DIVISIONAL VENUE

5. The Portland Division of the Court is proper because plaintiff is a resident of Clackamas County, Oregon.

## IV.   PARTIES

6. Plaintiff DANIEL T. LASCHOBER is a U.S. citizen, homeowner, and 20-year resident of Wilsonville, located in Clackamas County, Oregon.

7. Defendants are the United States, an appointed official of the United States government, and the United States governmental agency responsible for implementing and administering the challenged student loan forgiveness plan.

8.  Defendant DR. MIGUEL A. CARDONA is the current United States Secretary of Education, nominated by President Joseph R. Biden, Jr., and sworn in as the 12th Secretary on March 2nd, 2021.

9.  Defendant DEPARTMENT OF EDUCATION is the Executive Branch agency responsible for overseeing federal student loan programs.

## V.   STATEMENT OF FACTS

10. The national COVID-19 emergency, first declared by President Donald Trump on March 13, 2020 in Proclamation 9994, is scheduled to end on October 13, 2022, after 30 months, unless the U.S. Department of Health and Human Services extends it again for another 90 days.

11. Beginning on March 13, 2020, the U.S. Secretary of Education, Betsy DeVos, under the auspices of the HEROES Act, paused loan payments for federal borrowers and set the interest rate to 0% as "administrative forbearance" due to the national COVID-19 emergency.

12. On March 27, 2020, Congress directed the Secretary of Education to extend these policies until October 1, 2020 as part of the $2.2 trillion stimulus package known as the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 3513, 134 Stat. 281, 404 (2020) ("CARES Act").

13. Following the expiration of the CARES Act, Secretary DeVos again invoked the HEROES Act to continue the payment pause and interest rate relief.

14. The same HEROES Act authority has since been cited by Secretary Cardona to continue the forbearance through the present time.

15. On August 24, 2022, President Biden announced that after 33 months, the loan forbearance will terminate on Dec. 31, 2022, with payments resuming in January 2023.

16.　In January 2021, Reed D. Rubinstein, Principal Deputy General Counsel in the Department of Education's Office of the General Counsel, issued an 8-page memorandum[1] to Secretary DeVos containing the General Counsel's opinion on "the Secretary's statutory authority to cancel, compromise, discharge, or forgive, on a blanket or mass basis, principal balances of student loans made pursuant to Title 20, Chapter 28, Subchapter IV of the United States Code ("Title IV" or "HEA")." The memorandum concluded:

> "For these reasons, we believe the Secretary does not have statutory authority to provide blanket or mass cancellation...whether due to the COVID-19 pandemic, or for any other reason."

17.　On July 28, 2021, the Speaker of the U.S. House of Representatives Nancy Pelosi responded to a question about the president's legal authority to cancel student loan debt:[2]

> "People think that the President of the United States has the power for debt forgiveness. He does not. He can postpone, he can delay, but he does not have that power. That has to be an Act of Congress."
>
> Speaker Pelosi went on to repeat, "The president can't do it. So that's not even a discussion."

18.　On August 23, 2022, Christopher H. Schroeder, Assistant Attorney General, Office of Legal Counsel (OLC), issued a 25-page Memorandum of Opinion for the General Counsel, Department of Education[3] which stated, in summary, the Higher Education Relief Opportunities for Students ("HEROES") Act of 2003, Pub. L. No. 108-76, 117 Stat. 904, 20 U.S.C. §§ 1098aa–1098ee,

> "...vests the Secretary of Education with expansive authority to alleviate the hardship that federal student loan recipients may suffer as a result of national emergencies."

---

[1]  https://static.politico.com/d6/ce/3edf6a3946afa98eb13c210afd7d/ogcmemohealoans.pdf

[2]  https://www.c-span.org/video/?c4971733/user-clip-pelosi-student-debt-7-28

[3]  https://www.justice.gov/olc/file/1528451/download

Complaint　　　　　　　　　　　　　　　　　　　　4

Furthermore, the Act grants the Secretary the

> "authority to reduce or eliminate the obligation to repay the principal balance of federal student loan debt, including on a class-wide basis in response to the COVID-19 pandemic, **provided all other requirements of the statute are satisfied**." [Emphasis added.]

19. The August 23, 2022 OLC memorandum concluded:

> "…the Secretary can exercise the waiver or modification authority granted by the HEROES Act of 2003 to reduce or cancel the principal balances of student loans, **provided the Secretary deems the reduction or cancellation necessary to ensure that affected individuals are not placed in a worse position financially in relation to their financial assistance because of their status as affected individuals.** We further conclude that reducing or canceling the principal balances of student loans, including for a broad class of borrowers **who the Secretary determines suffered financial harm because of COVID-19**, could be a permissible response to the COVID-19 pandemic." [Emphasis added.]

20. On August 23, 2022, Lisa Brown, General Counsel in the Department of Education's Office of the General Counsel (OGC), issued a 5-page memorandum[4] confirming the Secretary of Education's broad authority to cancel student debt held by the federal government, noting, in part:

> "The Secretary's determinations regarding the amount of relief, and the categories of borrowers for whom relief is necessary, **should be informed by evidence regarding the financial harms that borrowers have experienced, or will likely experience, because of the COVID-19 pandemic.**" [Emphasis added.]

21. 20 USC § 1098ee(2) defines "Affected Individuals" as:

> "an individual who (A) is serving on active duty during a war or other military operation or national emergency; (B) is performing qualifying National Guard duty during a war or other military operation or national emergency; (C) resides or is employed in an area that is declared a disaster area by any Federal, State, or local official in connection with a national emergency; or (D) suffered direct economic hardship as a direct result of a war or other military operation or national emergency, as determined by the Secretary."

---

[4] https://www2.ed.gov/policy/gen/leg/foia/secretarys-legal-authority-for-debt-cancellation.pdf

Complaint                                                      5

22.     20 USC § 1098aa(b) "Findings" provides the appropriate context for the individuals targeted in the HEROES Act.

> "The Congress finds the following:
> (1) There is no more important cause than that of our nation's defense.
> (2) The United States will protect the freedom and secure the safety of its citizens.
> (3) The United States military is the finest in the world and its personnel are determined to lead the world in pursuit of peace.
> (4) Hundreds of thousands of Army, Air Force, Marine Corps, Navy, and Coast Guard reservists and members of the National Guard have been called to active duty or active service.
> (5) The men and women of the United States military put their lives on hold, leave their families, jobs, and postsecondary education in order to serve their country and do so with distinction.
> (6) There is no more important cause for this Congress than to support the members of the United States military and provide assistance with their transition into and out of active duty and active service."

23.     On August 24, 2022, President Biden announced he had instructed defendant Cardona to forgive a portion of federal student loan debt for 43 million American borrowers, based on income and Pell Grant eligibility factors.[5]

24.     Federal student loan borrowers earning less than $125,000 (in 2020 or 2021) are eligible for up to $10,000 in debt forgiveness, and an additional $10,000 if they are, or were, Pell Grant recipients. The numbers are doubled per household, with debt forgiveness up to $40,000 per household if both members of the household are Pell Grant recipients and household income is less than $250,000.

25.     In an August 24, 2022 interview[6] with defendant Cardona, Mary Louise Kelly of *NPR* expressed curiosity about how the $10,000 and $20,000 figures were determined, noting

---

[5] https://www.whitehouse.gov/briefing-room/statements-releases/2022/08/24/fact-sheet-president-biden-announces-student-loan-relief-for-borrowers-who-need-it-most/

[6] https://www.npr.org/2022/08/24/1119308561/education-secretary-cardona-explains-bidens-student-loan-forgiveness-plan

they are "nice round numbers." Defendant Cardona replied, in part:

> "So the goal here is really to make sure that our borrowers are not worse off after the pandemic than they were before. And we feel targeted assistance using those numbers and using the qualifications that we have are the way to do that."

26.  Defendant Cardona announced[7] candidates for federal student loan debt forgiveness will sign up on a new government website to be launched in early October 2022, and relief would come approximately 4-6 weeks after providing personal and loan details.

27.  Defendant Cardona has stated that of the 43 million eligible borrowers, 8 million already have information already on file with the Department of Education and those loans will be automatically adjusted.

28.  Current estimates of the total outstanding student loan debt in the United States is $1.75 trillion, and approximately 92% of that total is held by the federal government.[8]

29.  Defendant Cardona has stated he will not know the cost for the mass student loan forgiveness until he learns how many borrowers sign up for the relief. In doing so, defendant Cardona implicitly argues the HEROES Act places no restrictions on the amount of student loan debt forgiveness the Secretary may provide in the case of a national emergency.

30.  Independent parties such as the University of Pennsylvania's Penn Wharton Budget Model estimate the total cost of the student loan debt cancellation to be in the range of $500 billion to $1 trillion, depending on details of the plan.[9]

31.  On August 26, 2022, Fed Chairman Jerome Powell gave his annual speech at the Fed's economic symposium in Jackson Hole, Wyoming, noting the Fed is focused on taming the highest inflation in four decades. Powell acknowledged that the Fed's continued tightening of

---

[7] https://studentaid.gov/debt-relief-announcement/
[8] https://www.forbes.com/advisor/student-loans/average-student-loan-statistics/
[9] https://budgetmodel.wharton.upenn.edu/issues/2022/8/26/biden-student-loan-forgiveness

Complaint                                                    7

credit will cause "pain for many households and businesses." The Fed chair made clear that he expects rates to remain at levels that should slow the economy "for some time."[10]

32. The Fed is expected to raise rates at each of their September, November, and December 2022 Federal Open Market Committee meetings. Chairman Powell has noted "the clock is ticking" with regard to the Fed's efforts to control inflation.[11]

33. Jason Furman is an American economist and professor, who, among other professional accomplishments, was President Barack Obama's Deputy Director of the U.S. National Economic Council, and later served as President Obama's Chairman of the Council of Economic Advisors. In an interview[12] conducted by Annie Lowrey of *The Atlantic* published August 26, 2022, Mr. Furman stated he had various reservations about the plan, and in particular, the effect on inflation. Using $500 billion as an estimate of the plan's cost, Mr. Furman noted that "even with that small multiplier (of .1), if you apply it to this huge initiative, you get about 0.2 or 0.3 percentage points of inflation." Mr. Furman noted in a Tweet[13] on August 24, 2022, that "Pouring roughly half a trillion dollars on the inflationary fire that is already burning is reckless." He also stated the Fed funds rate would have to go up by an additional 50-75 basis points to extinguish the inflation related to mass loan forgiveness.

34. Plaintiff is a homeowner in Wilsonville, Clackamas County, Oregon, whose home is financed by an adjustable-rate mortgage (ARM). The interest rate changes July 1st of each year and is anchored to an index of 1-year Treasury securities.

---

[10] https://www.pbs.org/newshour/economy/watch-live-federal-reserve-chair-powell-speaks-in-jackson-hole-amid-interest-rate-speculation

[11] https://www.washingtonpost.com/business/2022/09/08/fed-september-hike/

[12] https://www.theatlantic.com/ideas/archive/2022/08/an-economists-case-against-biden-student-loan-forgiveness-plan/671259/

[13] https://twitter.com/jasonfurman/status/1562503985529233410

35. Plaintiff's current annual interest expense is approximately $10,400. A 50-75 basis point increase in the federal funds rate and a corresponding increase in the index for plaintiff's ARM equates to approximately $1000 - $1,500 per annum in additional interest costs. If the total cost of loan forgiveness is at the high end of estimates, the Fed will need to increase the federal funds rate proportionately to ward off the resulting inflation. The total annual interest expense to be borne by plaintiff resulting from the defendants' actions will range from approximately $1,000 to $3,000, or an increase of approximately 10-30%.

### VI. CLAIMS

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35.

37. The plain language and context of the HEROES Act does not give defendant Cardona the wide-ranging authority to discharge or forgive student loan debt on a mass or blanket basis as claimed in both the OLC and OGC memorandums of August 23, 2022. Only "Affected Individuals" are eligible for assistance as defined in 20 USC § 1098ee(2). Defendants have not established the broad class of 43 million borrowers "suffered direct economic hardship as a direct result of a war or other military operation or national emergency" with respect to the COVID-19 pandemic.

38. Defendants have not made a determination pursuant to 20 U.S.C. § 1098bb(a)(2)(A) that 43 million borrowers have been "placed in a worse position financially in relation to that financial assistance because of their status as affected individuals." Defendant Cardona and his predecessor in the Department of Education have improved the financial well-being for borrowers by pausing payments and interest on all outstanding federal student loan debt for 33 months, or the antithesis of being "placed in a worse position financially."

39.     20 U.S.C. § 1098bb(b)(3) states the Secretary of Education is not required to exercise the waiver or modification authority on a case-by-case basis; however, the amount of student loan forgiveness per person or per household as determined by the defendants is arbitrary and capricious.

40.     Estimates of the loan forgiveness plan range from $500 billion to $1 trillion, or the equivalent of approximately one-quarter of the entire United States annual budget on a pre-COVID basis. The decision by defendants to take this action on an issue of such major national economic and political significance must be supported by clear statutory authorization, which is notably absent in this case. In *Gonzales v. Oregon*, 546 U.S. 243, 267 (2006), the Supreme Court noted in its decision "Congress…does not, one might say, hide elephants in mouse holes."

41.     Article 1, Section 9, Clause 7 of the U.S. Constitution states, "No money shall be drawn from the Treasury, but in consequence of appropriations made by law." Congress specifically addressed student loan borrowers in the CARES Act of 2020, by authorizing and appropriating funds for COVID-19 relief. Congress has not authorized or appropriated any funds for COVID-19 relief with respect to the HEROES Act.

42.     Article 1, Section 8, Clause 2 of the U.S. Constitution states "The Congress shall have the power to borrow money on the credit of the United States." This power has not been, and cannot be, delegated to defendant Cardona in relation to the HEROES Act, whose unchecked actions will cause the United States to assume as much as $1 trillion in new public debt.

43.     Unless restrained by the Court, the financial harm to plaintiff resulting from the defendants' plan to mass forgive student loans is foreseeable, quantifiable, irreparable, and due to the immediacy of the plan, imminent.

## VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the Court:

    a.    Issue a Temporary Restraining Order which enjoins the defendants from implementing mass federal student loan debt forgiveness under the guise of the HEROES Act until such time as a hearing on a Preliminary Injunction may take place.

    b.    Issue a Preliminary Injunction enjoining defendants from engaging in the unlawful and unconstitutional acts alleged in this complaint.

    c.    Award plaintiff's costs and any reasonable attorney's fees.

    d.    Order such other relief as the Court may deem just and proper.

Respectfully submitted this 12th day of September, 2022.

*[signature]*
DANIEL T. LASCHOBER
Plaintiff, appearing Pro Se